FILED

2003 DEC -1 A 10: 17

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GRACEMARIE VENTICINQUE and PAUL VENTICINQUE | : | |
| Plaintiffs. | : | CIVIL NO.: 3-02-CV-1154 (AHN) |
| vs. | : | |
| GREENWICH HOSPITAL | : | |
| Defendant. | : | NOVEMBER 25, 2003 |

## REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed: February 5, 2002

Date Complaint Served: March 7, 2002

Date of Defendant's Appearance: March 27, 2003

Jurisdiction: Action was brought pursuant to Title 28 U.S.C.S § 1332.

    Pursuant to Fed. R. Civ. P. 16(b), 26(f) and Local Civil Rule 38, a conference was held on October 21, 2003. The participants were: Sam DiMeglio for plaintiffs Gracemarie Venticinque and Paul Venticinque and Carol Morris-Fox for the defendant Greenwich Hospital.

271924.1

LAW OFFICES
HEIDELL, PITTONI,
MURPHY & BACH, LLP
30 OAK STREET
STAMFORD, CT 06905
(203) 327-1800
JURIS NO. 103041

I. **Certification:**

The undersigned counsel hereby certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they will forward a copy of this report to their clients.

II. **Brief Description of Case:**

This matter involves claims of medical malpractice which have been asserted by plaintiff Grace Marie Venticique against defendant Greenwich Hospital arising from the care she received following the performance of a left ovarian cystectomy via laparoscopy. The surgery occurred on April 17, 2001 and was performed by Dr. Stephen Carolan at Greenwich Hospital.

Plaintiff, Paul Venticique, has asserted a loss of consortium claim.

A. Claims of Plaintiffs:

Plaintiff alleges that she suffered personal injuries as a result of the alleged negligence of the staff at Greenwich Hospital and that such personal injuries were proximately caused by the care and treatment rendered to her by the staff at Greenwich Hospital.

Plaintiff, Mr. Venticique, has asserted a loss of consortium claim.

271924.1

LAW OFFICES
HEIDELL, PITTONI,
MURPHY & BACH, LLP
30 OAK STREET
STAMFORD, CT 06905
(203) 327-1800
JURIS NO. 103041

    B.    <u>Claims of Defendant</u>:

Defendant Greenwich Hospital maintains that they adhered to the standard of care in their care and treatment of plaintiff and that such treatment did not proximately cause plaintiffs' alleged injuries.

**III.**    **<u>Statement of Undisputed Facts</u>:**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

Plaintiff underwent a left ovarian cystectomy via laparoscopy on April 17, 2001 at Greenwich Hospital. This surgery was performed by Dr. Stephen Carolan. The morning following this procedure, plaintiff underwent an exploratory laparotomy which was performed by Dr. Carolan. Following same, plaintiff underwent an angiogram and embolization. Plaintiff was transferred to the ICU following the embolization. Plaintiff remained in the ICU until April 23, 2001. She was discharged from the hospital on April 29, 2001.

LAW OFFICES
HEIDELL, PITTONI,
MURPHY & BACH, LLP
30 OAK STREET
STAMFORD, CT 06905
(203) 327-1800
JURIS NO. 103041

271924.1

### IV. Case Management Order:

A. The parties do not request modification of the deadlines in the Standing Order on Scheduling in Civil Cases, except the parties request that their time to file summary judgment motions be extended until the completion of discovery date which is June 30, 2004.

B. The parties request a pretrial conference with the Court before the entry of a scheduling order pursuant to Fed.R.Civ.P. 16(B). The parties prefer the conference in person.

C. The parties certify that they have considered the desirability of attempting to settle or otherwise resolve this matter before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

D. The parties do not request an early settlement conference at this time. However, if one is requested, the parties will prefer one before the presiding judge.

E. Plaintiffs should be allowed until December 31, 2003 to file motions to join additional parties and until December 31, 2003 to file motions to amend the pleadings.

F. Defendant should be allowed until January 31, 2004 to join additional parties and until January 31, 2004 to file a response to any such amended pleading.

271924.1

LAW OFFICES
HEIDELL, PITTONI,
MURPHY & BACH, LLP
30 OAK STREET
STAMFORD, CT 06905
(203) 327-1800
JURIS NO. 103041

V.     **Discovery**

A.     The parties will exchange by December 15, 2003 the information required by Fed. R. Civ. P. 26(a) (1) and Local Civil Rule 38.

B.     The parties anticipate that discovery will be needed on the following subjects: (1) the plaintiffs' medical history; (2) the plaintiffs' course of treatment; (3) the plaintiffs' subsequent treatment; (4) the plaintiffs' employment history; (5) special damages; and (6) expert opinions.

C.     All discovery, including depositions of expert witnesses pursuant to Fed.R.Civ.P. 26 (b)(4), will be commenced by January 1, 2004 and completed by June 30, 2004.

D.     Discovery will be conducted in phases. Fact discovery will include document production, including authorizations to obtain all of the plaintiffs' medical records; interrogatories; requests for production; depositions of all parties; and depositions of all non-party fact witnesses. A physical examination of the plaintiff will take place at the conclusion of fact discovery.

E.     The parties anticipate that the plaintiffs will require a total of 1 deposition of fact witnesses and that defendant will require a total of 2 depositions of fact witnesses.

LAW OFFICES
HEIDELL, PITTONI,
MURPHY & BACH, LLP
30 OAK STREET
STAMFORD, CT 06905
(203) 327-1800
JURIS NO. 103041

271924.1

  1.  The parties request the following fact discovery deadlines:

    1a.  Plaintiffs are to be deposed by January 31, 2004;

    1b.  The defendant is to be deposed by February 28, 2004;

    1c.  The physical examination of the plaintiff will be conducted by June 30, 2004.

  F.  Expert discovery will include production of expert reports and depositions of experts. All parties intend to call expert witnesses at the time of trial.

    1.  Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P. 26(a)(2) by March 31, 2004. Depositions of these experts will be completed by April 30, 2004.

    2.  Defendant intends to call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P. 26 (a)(2) by May 31, 2004. Depositions of such experts will be completed by June 30, 2004.

  G.  Following expert discovery, fact discovery will resume for the purpose of providing updated medical records and information regarding the plaintiff's physical condition.

  H.  The parties will request permission to serve more than twenty-five interrogatories.

271924.1

LAW OFFICES
HEIDELL, PITTONI,
MURPHY & BACH, LLP
30 OAK STREET
STAMFORD, CT 06905
(203) 327-1800
JURIS NO. 103041

     I.     A damage analysis will be provided by any party who has a claim or counterclaim for damages on or before April 1, 2004.

     J.     Dispositive motions, including motions for summary judgment, will be filed on or before June 30, 2004.

     K.     The joint trial memorandum required by the Standing Order on trial Memoranda in Civil Cases will be filed by August 1, 2004.

     L.     Final lists of witnesses and exhibits under Rule 26(a)(3) will be due:

         1.     From plaintiffs by July 15, 2004.

         2.     From defendant by August 1, 2004.

     M.     The parties shall have 30 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

     N.     The parties request a pretrial conference in August, 2004.

     O.     The case will be ready for trial after September 1, 2004.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

LAW OFFICES
HEIDELL, PITTONI,
MURPHY & BACH, LLP
30 OAK STREET
STAMFORD, CT 06905
(203) 327-1800
JURIS NO. 103041

271924.1

PLAINTIFFS: GRACEMARIE and PAUL VENTICINQUE

By: _____
Samuel J. DiMeglio, Jr., Esq.
One Old Country Road
Suite 430
Carle Place, NY 11514
Tel:   (516) 873-0011
Fax:  (516) 873-0120


DEFENDANT: GREENWICH HOSPITAL

By: _____
John F. Costa, Esq. (CT00427)
Heidell, Pittoni, Murphy & Bach, LLP
30 Oak Street
Stamford, CT 06905
(203) 327-1800

LAW OFFICES
HEIDELL, PITTONI,
MURPHY & BACH, LLP
30 OAK STREET
STAMFORD, CT 06905
(203) 327-1800
JURIS NO. 103041

271924.1