FILED

2004 JUN -7 P 2: 15

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GRACEMARIE VENTICINQUE and  :
PAUL VENTICINQUE,      :
            :
    PLAINTIFFS:    :    CIVIL NO.: 3-02-CV-1154 (AHN)
            :
vs.             :
            :
GREENWICH HOSPITAL,    :
            :
    DEFENDANT    :    JUNE 3, 2004

### DEFENDANT GREENWICH HOSPITAL'S MOTION TO MODIFY DISCOVERY SCHEDULE PURSUANT TO RULE 16(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND LOCAL CIVIL RULE 7 (b) (2)

Defendant, GREENWICH HOSPITAL, hereby moves this Court for an order pursuant to

Rule 16 (b) of the Federal Rules of Civil Procedure and Rule 7 (b) (2) of the Local Civil Rules

that the discovery schedule be modified to extend all deadlines an additional 75 days due to

plaintiffs' counsel's failure to comply with disclosure of experts and expert reports.

**ORAL ARGUMENT NOT REQUESTED**
**TESTIMONY NOT REQUIRED**

294595.1

Pursuant to Federal Rules of Civil Procedure 26(f), the parties to this action submitted a Report of Parties Planning Meeting which was approved by the Honorable Alan H. Nevas on December 2, 2003. See, Report of Parties' Planning Meeting and Order annexed hereto as Exhibit "A". In part, this order provided that plaintiffs would designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Federal Rules of Civil Procedure 26(a) (2) by March 31, 2004. Depositions of these experts were to be completed by April 30, 2004. Furthermore, defendant was to designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Federal Rules of Civil Procedure 26 (a) (2) by May 31, 2004. Depositions of such experts were to be completed by June 30, 2004.

On April 20, 2004, Ted J. Tannenbaum, Esq. of Goldstein, Tannenbaum, D'Errico, LLP moved this Court to withdraw the appearance of his firm on behalf of plaintiffs. Attached to this motion as an exhibit was a consent to change attorneys which indicated that the Law Firm of Samuel J. DiMeglio Jr. would be substituted for Goldstein, Tannenbaum, D'Errico, LLP. This form was signed on February 24, 2004 and was notarized by Mr. DiMeglio. It should be noted that this form was executed over a month prior to the deadline for plaintiffs to disclose experts and their reports. On May 21, 2004, upon the affirmation of Thomas J. Miller, plaintiffs moved to have the Law Firm of Samuel J. DiMeglio, Jr. admitted to practice before this Court pursuant to Rule 2(d).

294595.1

The undersigned's office has inquired of plaintiffs' counsel to determine whether they consent to this extension of time, however, despite diligent efforts, plaintiffs' counsel's position cannot be ascertained. Specifically, my associate, Brian A. Daley, Esq. (Federal Bar No. CT24550), placed telephone calls and left voicemail messages on the following dates to inquire as to the status of the expert disclosures and to determine whether plaintiffs' counsel would consent to this extension: April 15, 2004, April 16, 2004, April 26, 2004, and May 10, 2004. On April 16, 2004, plaintiffs' counsel indicated that he would be sending out his expert reports within approximately one week. To date, these reports have not been received. Subsequently, in May, in response to an inquiry Mr. DiMeglio left a voicemail message in which he indicated that due to restructuring of his former firm, and the fact that he was not admitted in the Federal District of Connecticut, he would have to be admitted to practice law before this Court prior to filing of his expert reports. He did not, however, indicate whether he consented to the extension of time. This is the first motion to modify deadlines which defendants have filed in this matter.

Due to this change in plaintiffs' attorney's firm affiliation, discovery in this matter has been delayed over two months at the time of this motion and may be further delayed. Because of this delay, defendant respectfully requests that all remaining deadlines be extended the equivalent amount of time in order to avoid prejudice to the defendant in fully preparing for expert discovery.

294595.1

This motion is based on this the Rule 26(f) Report of all parties dated December 1, 2003 and on all other pleadings and papers on file in this action.

DEFENDANT GREENWICH HOSPITAL

By:  _____
JOHN F. COSTA, ESQ.
HEIDELL, PITTONI, MURPHY & BACH, LLP
30 Oak Street
Stamford, CT 06905
Tel: (203) 327-1800
Federal Bar No.  CT00427

294595.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed this 3rd day of June, 2004

to all appearing counsel as follows:

      Samuel J. DiMeglio, Jr., Esq.
      Law Firm of Samuel J. DiMeglio, Jr.
      One Old Country Road, Suite 370
      Carle Place, New York 11514

 

                              _____
                              John F. Costa, Esq.

294595.1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

GRACEMARIE VENTICINQUE and :
PAUL VENTICINQUE :

    :
   Plaintiffs.   :  CIVIL NO.: 3-02-CV-1154 (AHN)
    :
vs.    :
    :
GREENWICH HOSPITAL  :
    :
   Defendant.   :  NOVEMBER 25, 2003


## REPORT OF PARTIES' PLANNING MEETING


Date Complaint Filed: February 5, 2002

Date Complaint Served: March 7, 2002

Date of Defendant's Appearance: March 27, 2003

Jurisdiction: Action was brought pursuant to Title 28 U.S.C.S § 1332.

  Pursuant to Fed. R. Civ. P. 16(b), 26(f) and Local Civil Rule 38, a conference was held

on October 21, 2003. The participants were: Sam DiMeglio for plaintiffs Gracemarie

Venticinque and Paul Venticinque and Carol Morris-Fox for the defendant Greenwich Hospital.

LAW OFFICES
HEIDELL, PITTONI,
MURPHY & BACH, LLP
30 LAW STREET
STAMFORD, CT 06902
203 327 9100
(FAX) 203 327 9704

271924.1

## I.    Certification:

The undersigned counsel hereby certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they will forward a copy of this report to their clients.

## II.    Brief Description of Case:

This matter involves claims of medical malpractice which have been asserted by plaintiff Grace Marie Venticique against defendant Greenwich Hospital arising from the care she received following the performance of a left ovarian cystectomy via laparoscopy.  The surgery occurred on April 17, 2001 and was performed by Dr. Stephen Carolan at Greenwich Hospital.

Plaintiff, Paul Venticique, has asserted a loss of consortium claim.

### A.    Claims of Plaintiffs:

Plaintiff alleges that she suffered personal injuries as a result of the alleged negligence of the staff at Greenwich Hospital and that such personal injuries were proximately caused by the care and treatment rendered to her by the staff at Greenwich Hospital.

Plaintiff, Mr. Venticique, has asserted a loss of consortium claim.

LAW OFFICES

HEIDELL. PITTONI.

MURPHY & BACH. LLP

30 OAK STREET

STAMFORD CT 06905

203 327 900

FAX 610 0304

271924.1

B.    Claims of Defendant:

Defendant Greenwich Hospital maintains that they adhered to the standard of care in their care and treatment of plaintiff and that such treatment did not proximately cause plaintiffs' alleged injuries.

### III.    Statement of Undisputed Facts:

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

Plaintiff underwent a left ovarian cystectomy via laparoscopy on April 17, 2001 at Greenwich Hospital. This surgery was performed by Dr. Stephen Carolan. The morning following this procedure, plaintiff underwent an exploratory laparotomy which was performed by Dr. Carolan. Following same, plaintiff underwent an angiogram and embolization. Plaintiff was transferred to the ICU following the embolization. Plaintiff remained in the ICU until April 23, 2001. She was discharged from the hospital on April 29, 2001.

LAW OFFICES
HEIDELL, PITTONI
MURPHY & BACH, LLP
30 OAK STREET
STAMFORD, CT 06905
203 327 4100
FAX 203 327 1904

271924.1

## IV.    Case Management Order:

A.    The parties do not request modification of the deadlines in the Standing Order on Scheduling in Civil Cases, except the parties request that their time to file summary judgment motions be extended until the completion of discovery date which is June 30, 2004.

B.    The parties request a pretrial conference with the Court before the entry of a scheduling order pursuant to Fed.R.Civ.P. 16(B).  The parties prefer the conference in person.

C.    The parties certify that they have considered the desirability of attempting to settle or otherwise resolve this matter before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

D.    The parties do not request an early settlement conference at this time.  However, if one is requested, the parties will prefer one before the presiding judge.

E.    Plaintiffs should be allowed until December 31, 2003 to file motions to join additional parties and until December 31, 2003 to file motions to amend the pleadings.

F.    Defendant should be allowed until January 31, 2004 to join additional parties and until January 31, 2004 to file a response to any such amended pleading.

LAW OFFICES
HEIDELL, PITTONI,
MURPHY & BACH, LLP
30 OAK STREET
STAMFORD, CT 06905
203 327 8800
JURIS NO. 03804

271924.1

## V.    Discovery

A.    The parties will exchange by December 15, 2003 the information required by Fed. R. Civ. P. 26(a) (1) and Local Civil Rule 38.

B.    The parties anticipate that discovery will be needed on the following subjects: (1) the plaintiffs' medical history; (2) the plaintiffs' course of treatment; (3) the plaintiffs' subsequent treatment; (4) the plaintiffs' employment history; (5) special damages; and (6) expert opinions.

C.    All discovery, including depositions of expert witnesses pursuant to Fed.R.Civ.P. 26 (b)(4), will be commenced by January 1, 2004 and completed by June 30, 2004.

D.    Discovery will be conducted in phases. Fact discovery will include document production, including authorizations to obtain all of the plaintiffs' medical records; interrogatories; requests for production; depositions of all parties; and depositions of all non-party fact witnesses. A physical examination of the plaintiff will take place at the conclusion of fact discovery.

E.    The parties anticipate that the plaintiffs will require a total of 1 deposition of fact witnesses and that defendant will require a total of 2 depositions of fact witnesses.

LAW OFFICES
HEIDELL, PITTONI,
MURPHY & BACH, LLP
30 OAK STREET
STAMFORD, CT 06905
203 327 4100
FAX 510 0304

271924.1

1.       The parties request the following fact discovery deadlines:

la.      Plaintiffs are to be deposed by January 31, 2004;

1b.      The defendant is to be deposed by February 28, 2004;

1c.      The physical examination of the plaintiff will be conducted by June 30,

2004.

F.       Expert discovery will include production of expert reports and depositions of

experts.  All parties intend to call expert witnesses at the time of trial.

1.       Plaintiffs will designate all trial experts and provide opposing counsel with

reports from retained experts pursuant to Fed.R.Civ.P. 26(a)(2) by March 31, 2004.

Depositions of these experts will be completed by April 30, 2004.

2.       Defendant intends to call expert witnesses at trial.  Defendant will

designate all trial experts and provide opposing counsel with reports from retained

experts pursuant to Fed.R.Civ.P. 26 (a)(2) by May 31, 2004.  Depositions of such experts

will be completed by June 30, 2004.

G.       Following expert discovery, fact discovery will resume for the purpose of

providing updated medical records and information regarding the plaintiff's physical condition.

H.       The parties will request permission to serve more than twenty-five interrogatories.

LAW OFFICES
HEIDELL, PITTONI,
MURPHY & BACH LLP
30 OAK STREET
STAMFORD CT 06905
203 327 6000
JUR 5 NO  0304

271924.1

I.      A damage analysis will be provided by any party who has a claim or counterclaim

for damages on or before April 1, 2004.

J.      Dispositive motions, including motions for summary judgment, will be filed on or

before June 30, 2004.

K.      The joint trial memorandum required by the Standing Order on trial Memoranda

in Civil Cases will be filed by August 1, 2004.

L.      Final lists of witnesses and exhibits under Rule 26(a)(3) will be due:

      1.      From plaintiffs by July 15, 2004.

      2.      From defendant by August 1, 2004.

M.      The parties shall have 30 days after service of final lists of witnesses and exhibits

to list objections under Rule 26(a)(3).

N.      The parties request a pretrial conference in August, 2004.

O.      The case will be ready for trial after September 1, 2004.

As officers of the Court, undersigned counsel agree to cooperate with each other and the

Court to promote the just, speedy and inexpensive determination of this action.

LAW OFFICES

HEIDELL, PITTONI,     271924.1

MURPHY & BACH, LLP

30 OAK STREET

STAMFORD, CT 06905

:203: 327-1800

JURIS NO. 103041

PLAINTIFFS: GRACEMARIE and PAUL VENTICINQUE

By: _____
Samuel J. DiMeglio, Jr., Esq.
One Old Country Road
Suite 430
Carle Place, NY 11514
Tel:    (516) 873-0011
Fax:    (516) 873-0120

DEFENDANT: GREENWICH HOSPITAL

By: _____
John F. Costa, Esq. (CT00427)
Heidell, Pittoni, Murphy & Bach, LLP
30 Oak Street
Stamford, CT 06905
(203) 327-1800

LAW OFFICES
HEIDELL, PITTONI,    271924.1
MURPHY & BACH, LLP
30 OAK STREET
STAMFORD CT 06905
203 327 800
JURIS NC  0304

FILED

2003 DEC -1   A 10: 17

APPROVED. SO ORDERED.
Discovery cutoff date 6-30-04
Dispositive Motions due by 7-30-04
ALAN H. NEVAS, U.S.D.J.  #13 DL
12/1/03

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

GRACEMARIE VENTICINQUE and        :
PAUL VENTICINQUE                  :
                                  :
            Plaintiffs.           :       CIVIL NO.: 3-02-CV-1154 (AHN)
                                  :
vs.                               :
                                  :
GREENWICH HOSPITAL                :
                                  :
            Defendant.            :       NOVEMBER 25, 2003

## REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed: February 5, 2002

Date Complaint Served: March 7, 2002

Date of Defendant's Appearance: March 27, 2003

Jurisdiction: Action was brought pursuant to Title 28 U.S.C.S § 1332.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and Local Civil Rule 38, a conference was held

on October 21, 2003.  The participants were: Sam DiMeglio for plaintiffs Gracemarie

Venticinque and Paul Venticinque and Carol Morris-Fox for the defendant Greenwich Hospital.

271924.1