UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GRACEMARIE VENTICINQUE and PAUL VENTICINQUE, | : : : |
| PLAINTIFFS: | : CIVIL NO.: 3-02-CV-1154 (AHN) |
| vs. | : : |
| GREENWICH HOSPITAL, | : : |
| DEFENDANT | : SEPTEMBER 13, 2004 |

**MOTION TO PRECLUDE EXPERT TESTIMONY
PURSUANT TO FEDERAL RULE 37(c) (1)**

Defendant, GREENWICH HOSPITAL, hereby moves to preclude plaintiffs from presenting any expert testimony at the time of trial as plaintiffs have failed to fully and fairly comply with the rules of discovery as required by the order of the Honorable Alan H. Nevas entered on July 30, 2004. This order required completion of discovery by September 13, 2004. The plaintiffs have failed, without substantial justification, to disclose the required expert information pursuant to Fed. R. Civ. P. 26(a)(2)(B) and are outside the time period in which to do so. For these reasons, plaintiffs should be precluded from offering any expert testimony at the time of trial.

**I.   FACTS:**

Pursuant to Federal Rule of Civil Procedure 26(f), the parties to this action submitted a Report of Parties Planning Meeting which was approved by the Honorable Alan H. Nevas on

306317.1

December 2, 2003. This order held that plaintiffs were to designate their experts and provide opposing counsel with reports from their retained experts by March 31, 2004. On February 24, 2004, Attorney DiMeglio signed a consent to change attorneys which indicated that the Law Firm of Samuel J. DiMeglio, Jr. would be substituted for Goldstein, Tannenbaum, D'Errico, LLP. On April 20, 2004, after the deadline for disclosure of plaintiffs' expert report had already passed and almost two months after the consent was executed, Ted J. Tannenbaum, Esq. of Goldstein, Tannenbaum, D'Errico, LLP moved this Court to withdraw the appearance of his firm on behalf of plaintiffs and substitute the appearance of Samuel J. DiMeglio, Jr. as their counsel.

In an attempt to determine the status of plaintiffs' expert disclosure, counsel for defendant called Attorney DiMeglio on April 15, 2004 and on April 16, 2004. During the April 16th conversation, defense counsel was assured by Attorney DiMeglio that his expert report would be forthcoming within a week. When the report was not received, defense counsel again called Attorney DiMeglio on April 26, 2004 and May 10, 2004 to determine the status of his expert disclosure to no avail. On May 21, 2004, upon the affirmation of Thomas J. Miller, plaintiffs moved to have the Law Firm of Samuel J. DiMeglio, Jr. admitted to practice before this Court pursuant to Rule 2(d). As a result of plaintiffs' delay in providing discovery, defendant, Greenwich Hospital, moved on June 3, 2004 to modify the discovery schedule pursuant to Fed. R. Civ. P. 16(b) and Local Rule 7(b)(2).

On July 28, 2004, defendant, Greenwich Hospital, in a good faith attempt to resolve outstanding discovery, sent a letter to plaintiffs' counsel asking that he designate all trial experts

306317.1

and provide expert reports as required by Fed. R. Civ. P. 26(a)(2). See Letter to Attorney DiMeglio dated July 28, 2004 annexed hereto as EXHIBIT "A". On July 30, 2004, the Court granted the motion to extend discovery until September 13, 2004. On August 3, 2004, defense counsel received notice that the foregoing order had been entered by the Court. On August 4, 2004, plaintiffs' counsel faxed to defendant a copy of his trial expert's curriculum vitae accompanied by a letter stating that the expert report would be provided upon receipt. See Letter from Attorney DiMeglio dated August 4, 2004, annexed hereto as EXHIBIT "B". In response to this letter, counsel for the defendant contacted Attorney DiMeglio on August 4, 2004 to determine when precisely the expert report could be expected and to set a date for the deposition of plaintiffs' expert. In addition, in a letter dated August 9, 2004 defense counsel asked that plaintiffs forward their expert report to defendant by August 20, 2004 as there was only one month left to complete outstanding discovery. See Letter to Attorney DiMeglio dated August 9, 2004 annexed hereto as EXHIBIT "C".

On September 8, 2004, five days before the Court's deadline for completion of discovery, Attorney DiMeglio faxed a letter to defense counsel stating that he was still awaiting the report from his expert. See Letter from Attorney DiMeglio annexed hereto as EXHIBIT "D". As of the date of this motion, we have not received plaintiffs' expert report nor have we been provided with a location and date on which we can depose plaintiffs' expert.

306317.1

## II. LAW AND ARGUMENT:

Discovery in this matter is governed by the Federal Rules of Civil Procedure, the Local Rules of the District of Connecticut and the orders issued by this Court. According to Fed. R. Civ. P. 26(a)(2), the parties are required to disclose the identity of any expert who will testify at trial accompanied by the expert's report which contains a statement his or her opinions the matter and the basis for those opinions. In addition to providing a summary of the expert's opinion, the parties are to include in the disclosure all information or data considered by the expert in forming his or her opinion, as well as a statement of the expert's qualifications, publications and prior cases in which the expert has testified. If the disclosure fails without substantial justification to meet the requirements of Fed. R. Civ. P. 26(a)(2), then pursuant to Fed. R. Civ. P. 37(c)(1), a party may move to preclude the expert testimony.

"The disclosure requirements contained in Rule 26 embody the underlying principle that animates modern discovery doctrine: 'the parties should be allowed to obtain the fullest possible knowledge of the issues and facts before trial.'" LeBarron v. HaverHill Coop. Sch. Dist., et al, 127 F.R.D. 38, 40 (1989) (D. N.H.) *citing* 8 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2001 at 13. By failing to adhere to the Court's scheduling order, plaintiffs have unfairly prevented defendant from obtaining a complete understanding of the facts and issues involved in defending this matter. It should be noted that, "the rules of discovery are designed to make a 'trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent.'" Sturdivant v. Yale New Haven Hosp.,

306317.1

2 Conn. App. 103, 106 (1984) *citing* United States v. Proctor & Gamble, 356 U.S. 677, 682, 78 S. Ct. 983 (1958). As this case currently stands, plaintiffs have failed to disclose the opinions of their expert to the fullest practical extent. In addition, plaintiffs have placed defense counsel in the prejudicial position of having to prematurely disclose their experts and their opinions to the potential detriment of their client. Furthermore, plaintiffs' counsel has ignored the orders of this Court and has provided no substantial justification for doing so.

"Careful attention must be paid to the prompt and orderly handling of discovery. Trial courts should not countenance unnecessary delays in discovery and should unhesitatingly impose sanctions proportionate to circumstances." Osborne v. Osborne, 2 Conn. App. 635, 639, 482 A.2d 77, 80 (1984). Plaintiffs' counsel has had more than adequate time to obtain his experts report and disclose it to opposing counsel. In addition, Attorney DiMeglio had ample time to find another expert who would be more cooperative in providing a report given the impending deadline. The mere fact that Attorney DiMeglio changed law firm affiliation has no impact on the deadlines imposed by the Court. Attorney DiMeglio has represented plaintiffs since the inception of this suit. Plaintiffs' counsel was well aware of the deadlines contained within the Report of Parties Planning Meeting as it was created with his input and agreement. "[T]he consequences of plaintiff's failure fully and fairly to disclose, despite being given ample opportunity to do so, should fall upon plaintiff rather than upon the defendants. . .To hold otherwise would unfairly deny, under the circumstances of this case, the defendants the

306317.1

opportunity to prepare for or challenge the proposed [expert] testimony . . ." <u>Sturdivant</u>, *supra* at 108.

On numerous occasions defense counsel has attempted repeatedly to resolve the outstanding discovery issues in this case without judicial intervention. Plaintiffs' counsel has been given ample opportunity to provide his expert report to opposing counsel. In fact, it should be noted that defense counsel in this case requested a modification of the scheduling order so that plaintiffs would have additional time to obtain their expert report. As our repeated efforts to complete discovery in this matter have been met with no response or with a response lacking any justification for the delay, we are now forced to file this motion to preclude. Therefore, the Court should preclude plaintiffs from offering any expert testimony at the time of trial.

### III.   **CONCLUSION:**

WHEREFORE, the undersigned defendant hereby requests that the Court grant this Motion to Preclude and prevent plaintiffs from producing any expert testimony at the time of trial.

DEFENDANT GREENWICH HOSPITAL

By: *(signature)*
_____
CANERA L. PAGANO
HEIDELL, PITTONI, MURPHY & BACH, LLP
30 Oak Street
Stamford, CT 06905
Tel: (203) 327-1800
Federal Bar No. ct25901

306317.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed this 13th day of September, 2004 to all appearing counsel as follows:

Samuel J. DiMeglio, Jr., Esq.
One Old Country Road
Suite 370
Carle Place, New York  11514

*Canera L. Pagano*
Canera L. Pagano, Esq.

306317.1

Service: **Get by LEXSEE®**
Citation: **127 F.R.D. 38,at 40**

*127 F.R.D. 38, \*; 1989 U.S. Dist. LEXIS 15156, \*\*;*
*13 Fed. R. Serv. 3d (Callaghan) 382; 15 Fed. R. Serv. 3d (Callaghan) 229*

Barry LeBARRON v. HAVERHILL COOPERATIVE SCHOOL DISTRICT, et al.

Civil No. 87-186-D

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE

127 F.R.D. 38; 1989 U.S. Dist. LEXIS 15156; 13 Fed. R. Serv. 3d (Callaghan) 382; 15 Fed. R. Serv. 3d (Callaghan) 229

January 25, 1989, Decided
January 25, 1989, Filed

**CORE TERMS:** disclosure, discovery, expert witness, motion to exclude, harsh, subject matter, deadline, obey, contrary to law, teacher, renew, expressly require, expert testimony, order to provide, interrogatory, enrollment, reduction, disclose, plainly

**COUNSEL:** [\*\*1] McLane, Graf, Raulerson & Middleton by Jack B. Middleton, Esq., by Charles W. Grau, Esq., Manchester, New Hampshire, James F. Allmendinger, Esq., Concord, New Hampshire, for LeBarron.

Bradley F. Kidder Law Offices by Edward E. Lawson, Esq., Laconia, New Hampshire, Ransmeier & Spellman, by Timothy E. Britain, Esq., Concord, New Hampshire, Phenix Mutual Fire Insurance Co., James S. Yakovakis, Esq., Manchester, New Hampshire, for Defendants.

**JUDGES:** Shane Devine, Chief United States District Judge.

**OPINIONBY:** DEVINE

**OPINION:** [\*38] ORDER

SHANE DEVINE, Chief United States District Judge.

In this civil rights action, 42 U.S.C. § 1983, plaintiff Barry LeBarron alleges [\*39] that the Haverhill Cooperative School District ("Haverhill") refused to renew his teaching contract in retaliation for his activities with the teacher's union. LeBarron asserts that Haverhill's actions violated his First Amendment rights to free speech and association. Jurisdiction is founded on 28 U.S.C. § 1343.

At issue is the Magistrate's November 7, 1988, Order which prohibits the plaintiff from presenting evidence offered by Professor John A. Lawson, an expert witness. Initially, neither party to the instant action expressed an interest in employing expert testimony. But on July 18, 1988, ten months [\*\*2] after the parties submitted their list of proposed witnesses to Magistrate Barry, defendants informed plaintiff's counsel that Nathaniel Ober would be called as an expert witness. n1 On the same day, defendants supplied plaintiff with Mr. Ober's curriculum vitae and a copy of Mr. Ober's report.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 Defendants assert that their decision not to renew plaintiff's contract was based on financial concerns, not plaintiff's union activities. Mr. Ober will testify that the drop in student enrollment necessitated a reduction in staff.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Plaintiff decided to retain its own expert to review his report. On August 1, 1988, plaintiff filed a motion to extend discovery deadlines so he could locate an appropriate expert. The Magistrate granted plaintiff's motion and set September 1, 1988, as the new deadline for plaintiff to disclose his expert's identity, credentials, and report.

On September 1, plaintiff filed with the Court a brief disclosure document which provided the names of two expert witnesses, Dr. Jack Lawson and Dr. Leonard Tashman. In pertinent part, that document noted that no reports had yet been received from either of the two experts, but "the plaintiff expects to receive reports [**3] from his experts within the next two weeks and will provide said reports to the defendants as soon as possible." On the same day, plaintiff's counsel contacted defendant's counsel to ask for an extension of time. Defendants agreed to extend plaintiff's expert disclosure and report deadline to September 15.

On September 15, plaintiff filed with the Court a second disclosure document. It identified "Professor John A. Lawson" as an expert witness -- one sentence described Professor Lawson's position with the state Department of Education; one paragraph described, in general terms, the substance of Professor Lawson's testimony.

> Professor Lawson is a Professor of Education at the Department of Education of the University of New Hampshire. Professor Lawson is expected to give expert testimony concerning the justification for the Department's alleged Reduction in Force that resulted in the non-renewal of the Plaintiff. He may address other issues presented in the opinion and deposition of Nathaniel Ober, and other issues which may arise during trial. Professor Lawson's testimony will be based on documents provided by the parties, responses to discovery, testimony of witnesses, exhibits introduced [**4] at trial, and his knowledge and experience concerning enrollment, determination of teacher levels, and public school finance and administration.

Defendant's Motion to Exclude Expert, Exhibit B. No report was provided by plaintiff, who now takes the position that no report was required of Professor Lawson since the subject of his testimony would be the report issued by defendants' expert, Nathaniel Ober. Because Professor Lawson would present no new facts, only an opinion about facts provided by Mr. Ober, plaintiff reasons that no report is required.

Defendants thereafter filed a motion to exclude Professor Lawson's testimony for violation of Rule 26(b)(4), Fed. R. Civ. P. n2 Magistrate Barry granted defendants' motion on the basis that plaintiff's disclosure statement "does not comply with either the [*40] spirit or the letter of what is required by this Court." Pursuant to 28 U.S.C. § 636(b)(1)(A), plaintiff appeals the Magistrate's Order.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

Get a Document - by Citation - 127 F.R.D. 38
Case 3:02-cv-01154-AHN    Document 20    Filed 09/15/2004    Page 10 of 17
Page 3 of 5

n2 In pertinent part, Rule 26(b)(4)(A) states:

> A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - [**5] *Discussion*

Plaintiff argues that the Magistrate's Order must be reversed for three reasons: (1) disclosure of an expert's report is not required where, as here, there is no report to disclose; (2) without an order to compel discovery, Rule 37, Fed. R. Civ. P., the motion to exclude should not have been issued; (3) the sanction of exclusion is unnecessarily harsh. The Court is empowered to reconsider an order by the Magistrate "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Because plaintiff has not convinced the Court that the November 7, 1988, Order was either erroneous or contrary to law, that Order is affirmed.

First, the Court finds no fault with the Magistrate's conclusion that plaintiff's disclosure is legally inadequate. Pursuant to Rule 26, Fed. R. Civ. P., parties offering evidence through expert witnesses are required to identify each expert the parties expect to call, to state the subject matter on which the expert will testify, and to state the substance of the facts and opinions to which the expert will testify and a summary of the grounds for each opinion. *See* Rule 26(b)(4)(A)(i), Fed. [**6] R. Civ. P. Plaintiff did identify his expert, and he did state generally the subject matter on which the expert was expected to testify, but no information concerning the substance of the expert's testimony or the grounds upon which that testimony would be based has been disclosed.

The disclosure requirements contained in Rule 26 embody the underlying principle that animates modern discovery doctrine: the parties should be allowed to obtain "the fullest possible knowledge of the issues and facts before trial." 8 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2001, at 13 (citing *Hickman v. Taylor,* 329 U.S. 495, 91 L. Ed. 451, 67 S. Ct. 385 (1947)). The Court agrees with the Magistrate that the proffered disclosure did not comport with the "spirit" of the modern rules governing discovery.

Plaintiff strenuously asserts that Rule 26(b) does not expressly require a disclosure of expert reports. And, plainly, in this he is correct -- Rule 26(b) does not expressly require a disclosure of expert "reports". A close reading of the Magistrate's Order, however, reveals that the Magistrate did not grant defendants' motion to exclude because plaintiff failed to provide the promised report. The motion [**7] was granted because the Magistrate found the disclosure presented by the plaintiff to be inadequate. Thus, plaintiff's first argument must fail.

Second, plaintiff argues that the Magistrate can only impose the sanction of exclusion after granting a motion to compel discovery. Rule 37, Fed. R. Civ. P. The Court cannot agree. In pertinent part, Rule 37(b)(2) provides as follows:

> If a party . . . . fails to obey an order to provide or permit discovery . . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> . . . .
>
> (B) An order . . . . prohibiting [the disobedient party] from introducing designated matters in evidence.

The plain language of Rule 37(b)(2) authorizes sanctions for failure "to obey an order to provide or permit discovery." Such an order was issued by the Clerk on August 3, 1988, granting plaintiff's motion to extend discovery for the limited purpose of permitting the plaintiff to "retain an expert to review and analyze Mr. Ober's report." Failure to obey the order constitutes a violation of Rule 26(b)(4) for which the sanctions of Rule 37 serve as an appropriate remedy. A motion to compel is not a prerequisite [**8] to enforcement of a pretrial discovery order. See _National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 49 L. Ed. 2d 747, 96 S. Ct. 2778 (1975)_; _G-K Properties v. Redevelopment Agency, Etc., 577 F.2d 645, 647 (9th Cir. 1978)_.

[*41] Finally, plaintiff asserts that the sanction imposed by the Magistrate is unduly harsh. Without question, an order that prevents a party from producing witnesses is harsh. But the Court, and the Magistrate acting on the Court's behalf, is vested with the discretion to admit or exclude testimony. _Salem v. United States Lines Co., 370 U.S. 31, 35, 8 L. Ed. 2d 313, 82 S. Ct. 1119 (1962)_; _Apostol v. United States 838 F.2d 595, 599 (1st Cir. 1988)_; see also _Petroleum Ins. Agency v. Hartford Acc. & Indemnity Co., 106 F.R.D. 59, 69 (D. Mass. 1985)_ (Collings, Mag.). Although the harsh sanction of excluding evidence is most clearly appropriate where bad faith is in issue, e.g., _Campbell Indus. v. M/V Gemini, 619 F.2d 24, 27 (9th Cir. 1980)_; _Penthouse Int'l Ltd. v. Playboy Enterprises, 663 F.2d 371 (2d Cir. 1981)_, it is nonetheless available as a remedy whenever parties fail to follow discovery orders.

An almost identical issue was presented in _In re Burch, 33 Bankr. 1015, 38 Fed. [**9] R. Serv. 2d (Callaghan) 263 (D. Md. 1983)_. In that case, appellant Sarah Burch failed to adequately answer an interrogatory that asked her to identify her proposed expert witness and "set forth in detail the subject matter on which the witness is expected to testify, the substance of the facts and opinion to which the witness is expected to testify and a summary of the grounds for each opinion." _Id._ at 264. Ms. Burch provided the following answer:

> Arby Todd, examiner of the questioned documents, 2560 Glen Cove, Annapolis, Maryland 21401. No written report has been received.

The bankruptcy court found the answer insufficient and prohibited Ms. Burch from presenting her expert. In addition, the court levied a fine of $ 200 against Ms. Burch. These sanctions were upheld on appeal. _Id._ at 266.

_In re Burch_ plainly supports the result reached here: Exclusion is an appropriate sanction when the party offering an expert witness fails to provide necessary information about that expert's proposed testimony.

Accordingly, for the reasons cited above, plaintiff's appeal from the Order of the Magistrate

granting defendants' motion to exclude expert witness John Lawson (document no. 62) is denied.

[**10] SO ORDERED.

Service: **Get by LEXSEE®**
Citation: **127 F.R.D. 38,at 40**
View: Full
Date/Time: Thursday, September 9, 2004 - 2:38 PM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
🅐 - Citing Refs. With Analysis Available
🅘 - Citation information available

* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Brian A. Daley, Esq.
E-mail: bdaley@hpmb.com

July 28, 2004

Samuel DiMeglio, Esq.
Law Offices of Samuel DiMeglio
One Old Country Road
Suite 430
Carle Place, NY 11514

Re:  Venticinque v. Greenwich Hospital
     Our File No.: 249-1016

Dear Mr. DiMeglio:

  Please allow this to serve as our good faith attempt to resolve outstanding discovery. A review of the docket for this case currently pending in U.S. District Court indicates that your motion to be admitted pro hac vice was granted on May 27, 2004. As it has been two months since the granting of this motion, we ask that you designate all trial experts and provide us with reports from retained experts pursuant to Federal Rules of Civil Procedure 26(a)(2).

  In addition, we still await updated HIPAA compliant original authorizations so that we may obtain records from the following:

1. Raufa G. Faroqui, M.D.

2. Martin Korn, M.D.

3. Sound Shore Hospital

4. David Sahar, M.D.

5. John P. DeTone, D.C.

6. Dr. Sarabanchong

7. Dr. Barry D. Shaktman

301240.1

Samuel DiMeglio, Esq.
Re: Venticinque v. Greenwich Hospital
July 28, 2004
Page -2-

    8.    Dr. Darrell Jonas

    9.    Dr. Dan Goldschlag

    10.    Guardian Life Insurance Company

Furthermore, if your clients have undergone treatment with any other health care providers in the past 12 months, please provide us with authorizations to obtain those records as well.

Please be advised that should we not receive expert reports by August 6, we will file the appropriate motion before Judge Nevas.

                Very truly yours,

                Brian A. Daley

BAD:bad

301240.1

# SAMUEL J. DiMEGLIO, JR.
*Attorney At Law*
One Old Country Road, Suite 370
Carle Place, New York 11514
Telephone (516) 873-0011
Facsimile (516) 873-0120/0201
Admitted in New York, New Jersey and Florida

EXH B

**Suffolk County Office**
38 Cedar Street
Stony Brook, New York 11790
(631) 689-5577
*(By Appointment Only)*

August 4, 2004

**New Jersey Affiliate Office**
Steven J. Plofsky, Esq.
443 Northfield Avenue
West Orange, NJ 07052
(973) 669-8111
*(By Appointment Only)*

**VIA FAX (212) 490-8966/REGULAR MAIL**

Heidell Pittoni Murphy & Bach, LLP
99 Park Avenue
New York, New York 10016-1601

Attention: Brian A. Daley, Esq.

      Re: Venticinque v. Greenwich Hospital
          Your file no: 249-1016

Dear Mr. Daley:

    Enclosed please find the curriculum vitae of our designated trial expert, Gary Goldberg, M.D., 1695 Eastchester Road, Suite 601, Bronx, New York 10461. At this time, I am still awaiting a written report from Dr. Goldberg's office. I will provide you with a copy of same as soon as I receive it.

    In light of this delay, I have no objection to your motion before the United States District Court in Connecticut to extend the discovery schedule previously ordered by the Court.

    Lastly, please contact me upon receipt of this letter so as to avoid any unnecessary motion practice.

    Should you have any questions, please do not hesitate to contact the undersigned.

Very truly yours,

Samuel J. DiMeglio Jr.

SJD/bf
Encl.
cc: United States District Court
    Judge Alan Nevas

# SAMUEL J. DiMEGLIO, JR.
*Attorney At Law*
One Old Country Road, Suite 430
Carle Place, New York 11514
Telephone (516) 873-0011
Facsimile (516) 873-0120/0201
Admitted in New York, New Jersey and Florida

EXH D

**Suffolk County Office**
38 Cedar Street
Stony Brook, New York 11790
(631) 689-5577
*(By Appointment Only)*

**New Jersey Affiliate Office**
Steven J. Plofsky, Esq.
443 Northfield Avenue
West Orange, NJ 07052
(973) 669-8111
*(By Appointment Only)*

September 8, 2004

Heidell Pittoni Murphy & Bach
30 Oak Street
Stamford, CT 06905

Attention: John Costa, Esq.

      Re: Venticinque v. Greenwich Hospital
          USDC, Bridgeport, CT, Docket no: 3-02-CV-1154
          Your file no: 249-1016

Dear Mr. Costa:

      Please be advised that I am still awaiting my expert's report. I am aware that our discovery deadline is September 13, 2004.

      In light of the delay, may I propose that we discontinue the Federal Court case, without prejudice, to restore at a later date. Please contact me upon receipt of this correspondence to discuss my proposal. If necessary, perhaps we can schedule a conference call with Judge Nevas.

      Thank you for your courtesy and cooperation.

Very truly yours,

Samuel J. DiMeglio Jr.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GRACEMARIE VENTICINQUE and PAUL VENTICINQUE, | : : : |
| PLAINTIFFS | : CIVIL NO.: 3-02-CV-1154(AHN) : : |
| VS. | : : |
| GREENWICH HOSPITAL, | : : |
| DEFENDANT | : SEPTEMBER 13, 2004 |

### NOTICE OF MANUAL FILING

The undersigned hereby represents that they do not currently have the capability to create documents in PDF format and are therefore filing the following documents manually: Motion to Preclude Expert Testimony Pursuant to Federal Rule 37(c) (1) and five separate documents entitled Greenwich Hospital's Disclosure Pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

THE DEFENDANT
GREENWICH HOSPITAL,

BY: *Canera J. Pagano*
Canera L. Pagano
30 Oak Street
Stamford, CT 06854
Tel: (203)327-1800
Federal Bar No.: ct25901

306719.1